IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AUBREY MINOR,
    Plaintiff,

vs.                                  Case No. 3:05cv442/MCR/MD

THE MORMONS,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on November 16, 2005 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He also filed an application to proceed *in forma pauperis* (doc. 2). Plaintiff did not submit any money for the filing fee at the time he submitted the complaint. Plaintiff states in the complaint that he is a "multiple filer and all claim said to me [sic] malicious." Claiming violation of the Bill of Rights and "Emancipation violations," plaintiff provides no statement of the facts of his case, instead referring the court to "the past multiple cases which all are related thereto." As relief, he seeks the following: "order this institutional [sic] at once for me gain full treatment equal to the law, i.e., medical Ensure milk, 4,000 cal., $B_{12}$ vitamins, etc. and all other high protein medications or any other institutional am warehoused."

The court takes judicial notice of the following actions previously filed by plaintiff in the United States District Court for the Middle District of Florida that were dismissed as frivolous and for failing to state a claim upon which relief may be

granted: Case Numbers 3:98cv835/HES, 3:99cv329/RWN, and 8:01cv1638/SCB.[1] Plaintiff was incarcerated at the time he filed those cases.

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(2004). Plaintiff is well aware of this section as evidenced by his statements in the complaint and by the United States District Court for the Southern District of Florida's recognition of plaintiff's status as a "three striker." *Minor v. Florida Dep't of Corrections*, Case No. 1:00cv1390 (S.D. Fla. June 20, 2000).

By the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury. Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] These cases may be positively identified as having been filed by plaintiff because they bear his DOC (Department of Corrections) number: 223757.

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**